# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE COLEMAN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CV416-339 |
| UNNAMED RESPONDENT, | ) ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

This Court ordered petitioner Willie Coleman to show cause why this case, which seeks federal habeas relief under 28 U.S.C. § 2254, should not be dismissed for failure either to pay the required filing fee or move for leave to proceed *in forma pauperis* (IFP). Doc. 6. Although Coleman has since submitted an IFP motion, doc. 7, his case should nevertheless be dismissed as his petition is brought not by Coleman, but by a fellow prisoner. His IFP motion, therefore, is denied as moot. Doc. 7.

Coleman's original petition shows he did not prepare it, and his IFP motion is, at best, ambiguous. *See* docs. 1 & 7. Both documents indicate that another prisoner, Brandon Marshall, is claiming to act on

Coleman's behalf in bringing this petition. *See* Doc. 1 at 1; doc. 7 at 3. Coleman has not signed "his" petition; Marshall has signed it. Doc 1 at 2. Marshall's letter, attached to Coleman's IFP motion, states that Coleman "is unable to comprehend and execute the necessary duties of properly preparing a habeas corpus [petition]." Doc. 7 at 3. Although the IFP motion appears to bear Coleman's signature, given Marshall's letter's explanation, Coleman's involvement in its preparation is unclear.

Federal law provides for actions by a "next friend" or guardian *ad litem* for an incapacitated party who lacks a duly appointed representative. *See* 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 17(c)(1). In such cases, however, the Court must determine the representative's suitability. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another."); *see also Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992) (applying *Whitmore* standards in habeas context). There must be shown the real party in interest's incapacity, the representative's dedication "to the best interests of the person on whose behalf he seeks to litigate," and a "significant relationship" to the real party. *Whitmore*, 495 U.S. at 163-64. "The burden is on the 'next

2

friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Since the petition contains no allegations that Marshall has Coleman's best interests in mind, or that they have any "significant relationship," he has not established his next-friend suitability. *See Morales v. Sheldon*, 2009 WL 1035513 at * 1 (M.D. Fla. April 16, 2009) (citing *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978)) (dismissing § 1983 suit because, *inter alia.*, "[t]here are no allegations that [the putative next friend] has the best interests of [the real party in interest] in mind, or that [the next friend] has a 'significant relationship' with [the real party in interest].")

Further, while the law may recognize a party's right to proceed in a representative capacity, that capacity does not entitle the representative to pursue the case *pro se*. *See Weber*, 570 F.2d at 514 ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). Even parents permitted to pursue a claim on behalf of their own minor children may not litigate *pro se*. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581

(11th Cir. 1997), *overruled in part on other grounds by Winkleman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)); *Oliver v. Southcoast Medical Grp., LLC*, 2011 WL 2600618 at * 1 (S.D. Ga. June 13, 2011). Non-attorney parents are not allowed to proceed *pro se* on their children's behalf "because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Oliver*, 2011 WL 2600618 at * 2 (quotes and cite omitted). That rationale applies with equal, if not greater force, to prisoners. Since Marshall has not established his status as Coleman's "next friend," he may not pursue this action *pro se*.

Accordingly, Coleman's § 2254 petition should be **DISMISSED WITHOUT PREJUDICE** and his IFP motion is **DENIED** as moot. Doc. 7.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any

4

request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 15th day of February, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA